# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**REGINALD CURTIS BRUTON,**

      **Plaintiff,**

**v.**                                          **Case No: 6:20-cv-343-DCI**

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

_____

## MEMORANDUM OF DECISION

**THIS CAUSE** is before the Court on Claimant's appeal of an administrative decision denying his application for disability insurance benefits. Claimant is proceeding *pro se*. In a decision dated January 29, 2019, the Administrative Law Judge (ALJ) found that Claimant was not been under a disability, as defined in the Social Security Act, at any time from June 30, 2012, the alleged onset date, though December 31, 2017, the date last insured. R. 901. Having considered the parties' memoranda and being otherwise fully advised, the Court concludes, for the reasons set forth herein, that the Commissioner's decision is due to be **AFFIRMED**.

### I.      Issues on Appeal

Claimant raises the following issues on appeal:

(1) The ALJ erred by not following the United States District Court Remand Order or the Appeals Council Remand Order . . .

(2) The ALJ erred with respect to the Veteran Affairs (VA) . . .

(3) The ALJ fail to properly determine Claimant's Residual Functional Capacity (RFC) . . .

(4) The ALJ erred by not asking the vocational expert, a hypothetical question which included all of claimant's limitations including the limitations set forth in the ALJ's Psychiatric Review Technique (PRT) limitations findings, such as moderate difficulties in maintaining social functioning and moderate

difficulties in maintaining concentration, persistence, or pace as well as all of the limitations arising out of claimant's (affective mood disorder) and PTSD . . .

(5) The ALJ erred and violated §404.1527 and well-establish case law in the 11ᵗʰ Circuit (see Winshel v. Comm'r) by only assigning "Little Weight" to the medical opinion provided by claimant's long-time "treating physician" and specialist VA psychiatrist, Dr. Rene Poveda, M.D. . . . .

Doc. 16 at 4-7.

## II. Standard of Review

As the Eleventh Circuit has stated:

In Social Security appeals, we must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards. Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations and quotations omitted). "With respect to the Commissioner's legal conclusions, however, our review is *de novo.*" *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002). Here, Claimant is representing himself. The Court "liberally construe[s] briefs filed by pro se litigants." *Anglin v. Soc. Sec. Admin.*, 602 F. App'x 483, 484 (11th Cir. 2015).

## III. Discussion

As an initial matter, as to the first issue on appeal, Claimant states only that "The ALJ erred by not following the United States District Court Remand Order or the Appeals Council Remand Order. As a result, the decision is not based upon substantial evidence." Doc. 16 at 4. This statement is conclusory, and any argument it raises is perfunctory at best and is therefore waived.[1] The Court will address Claimant's remaining arguments in turn.

---

[1] *See, e.g.*, *Jacobus v. Comm'r of Soc. Sec.*, No. 15-14609, 2016 WL 6080607, at *3 n.2 (11th Cir. Oct. 18, 2016) (stating that claimant's perfunctory argument was arguably abandoned); *Gombash*

**A. Error with Respect to the VA**

As to the second and third issues on appeal, Claimant appears to argue that the ALJ erred by "failing to address and assign great weight" to the Veteran's Administration (the VA) disability rating and, as a result, failed to properly determine Claimant's RFC. *See* Doc. 16 at 4-5. The Court rejects this argument.

In *Noble v. Comm'r of Soc. Sec.*, 96 F.3d 1317 (11th Cir. 2020), the Eleventh Circuit resolved the seeming inconsistency between the "great weight" standard of *DePaepe* and *Brady* and the "factor to be considered" standard of *Skeels*.[2] In *Noble*, the Eleventh Circuit held that the "great weight" standard requires that the ALJ discuss another agency's decision that a claimant is disabled. *Id.* at 1329 (citing *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005)). The

---

*v. Comm'r of Soc. Sec.*, 566 Fed. App'x. 857, 858 n.1 (11th Cir. 2014) (stating that the issue was not properly presented on appeal where claimant provided no supporting argument); *NLRB v. McClain of Ga., Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998) ("Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived."); *Gaskey v. Colvin*, No. 4:12-CV-3833-AKK, 2014 WL 4809410, at *7 (N.D. Ala. Sept. 26, 2014) (refusing to consider claimant's argument when claimant failed to explain how the evidence undermined the ALJ's decision) (citing *Singh v. U.S. Atty. Gen*, 561 F.3d 1275, 1278 (11th Cir. 2009) ("[A]n appellant's simply stating that an issue exists, without further argument or discussion, constitutes abandonment of that issue and precludes our considering the issue on appeal.")).

[2] "'Although the V.A.'s disability rating is not binding . . . it is evidence that should be given great weight.'" *Brady v. Heckler*, 724 F.2d 914, 921 (11th Cir. 1984) (per curiam) (quoting *Olson v. Schweiker*, 663 F.2d 593 (5th Cir. 1981) (citing *Rodriguez v. Schweiker*, 640 F.2d 682, 686 (5th Cir. 1981) (per curiam))); *see also DePaepe v. Richardson*, 464 F.2d 92, 101 (5th Cir. 1972) (holding that a hearing examiner committed reversible error by not giving any consideration in his findings to a claimant's VA disability rating because "[w]hile such a rating is not binding . . . it is evidence that should be considered and is entitled to great weight"). A VA disability rating is a "factor to be considered but it is not controlling." *Skeels v. Richardson*, 453 F.2d 882, 883 (5th Cir. 1972) (per curiam) (citations omitted). In *Skeels*, the Fifth Circuit held that a hearing examiner gave full weight to a claimant's medical history with the VA because the hearing examiner acknowledged that the claimant was receiving one hundred percent disability rating from the VA but determined that rating not to be controlling when viewed in relation to more recent medical evaluations. *Id.*

reviewing court must consider two questions in deciding whether an ALJ who declined to follow another agency's decision that a claimant was disabled properly considered that agency's finding: the reviewing court must ask 1) whether the ALJ's decision shows that the ALJ considered the other agency's decision and 2) whether substantial evidence in the record supports the ALJ's decision to depart from the other agency's decision. *Id.* at 1330. If either the ALJ did not consider the other agency's decision or there is not substantial evidence in the record to support the ALJ's decision to depart from the other agency's decision, then the reviewing court must remand the case to the Commissioner. *Id.* Otherwise, if the ALJ considered the other agency's decision and substantial evidence in the record supports the ALJ's decision to depart from the other agency's decision, then the ALJ's decision should be affirmed. *Id.*[3]

First, the ALJ's decision on its face shows that the ALJ considered the VA's decision. The ALJ summarized the "VA progress notes" at length (R. 892-93); discussed each of the VA's rating decisions for Claimant (from 2010, 2013, 2014, and 2015) and statements made therein (R. 897-98); and discussed the merits of the VA's most recent decision (from 2015) before assigning that decision "some weight" (R. 897, 898).

Second, to the extent the ALJ departed from the VA's decision, substantial evidence in the record supports her decision to do so. The ALJ summarized the VA's decision as follows:

> The November 2015 VA rating decision continued the claimant's PTSD as 70% disabling for occupational and social impairment, 30% rating for exercise induced asthma and no service connection for bilateral pes planus, chronic pruritus, or gastritis. The decision stated that the VA Examiner expressed concern about the claimant's ability to handle stressful situations as illustrated by a report from the claimant's last employer, who stated that he was released because he could not

---

[3] The Eleventh Circuit affirmed the ALJ's decision in *Noble*, holding that "[s]ubstantial evidence support[ed] the ALJ's conclusion because the medical evidence in this case, including physical examinations and diagnostic imaging that postdated the VA's decision, showed that Noble experienced only mild limitations." 963 F.3d at 1330.

control his temper. The Examiner who evaluated his asthma stated that his
condition would not be impacted by a sedentary job; however, in concert with his
PTSD, even a sedentary job would be difficult at best. Therefore, with consideration
of his service connected PTSD and asthma, these conditions created a barrier to
successful, gainful employment (Ex. 11F).

R. 898. The ALJ then stated that the VA's decision was "not inconsistent" with her own evaluation

of the medical evidence; the ALJ gave the VA's decision "some weight," explaining that the

disability determination process used by the VA and the Social Security Administration are

"fundamentally different." *Id.*[4] The ALJ explained that she "considered the VA disability rating

and . . . incorporated the limitations associated with both [Claimant's] PTSD and asthma into

[Claimant's] residual functional capacity." *Id.*

Thus, the ALJ only departed from the VA's decision in making her ultimate conclusion—

one reserved to the Commissioner—that Claimant is not disabled. And as the Commissioner

points out, to the extent the ALJ's conclusion constitutes a "departure," it is supported by

substantial evidence. *See* Doc. 20 at 8-9. For example, in support of her RFC determination, the

ALJ cited medical evidence (including test results, evaluations, and prescribed treatment) and

testimony demonstrating that Claimant's asthma improved with treatment and behavioral

modification, that Claimant was stable on his psychotropic medications, and that Claimant is able

to fish, ride a bicycle, and read. *See* R. 896-97.

The Court finds no error in the ALJ's consideration of the VA's decision. Thus, the Court

finds no error with respect to Claimant's related argument—that the ALJ erred in formulating

Claimant's RFC based on error committed in considering the VA's decision.

**B. Hypothetical Question**

---

[4] The ALJ noted that the VA "does not make a function-by-function assessment of an individual's
capabilities or determine whether the claimant is able to perform either his past relevant work or
other work that exists in significant numbers in the national economy as is required by [the Social
Security] Regulations." R. 898.

As to the fourth issue on appeal, Claimant states that the ALJ erred by asking the VE a hypothetical question that failed to include all of Claimant's limitations, specifically, the limitations set forth in the PRT findings ("such as moderate difficulties in maintaining social functioning and moderate difficulties in maintaining concentration, persistence, or pace") and the limitations arising out of Claimant's affective mood disorder, PTSD, and "medication side effects and pain." Doc. 16 at 6. To the extent this statement constitutes argument, the Court rejects such argument.

The ALJ is required to pose hypothetical questions that are accurate and that include all of the claimant's functional limitations. *See Pendley v. Heckler*, 767 F.2d 1561, 1563 (11th Cir. 1985). The ALJ, however, is not required to include "each and every symptom" of the claimant's impairments, *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1270 (11th Cir. 2007), or "findings . . . that the ALJ . . . properly rejected as unsupported" in the hypothetical question, *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004). Where the ALJ relies on the VE's testimony but fails to include all the claimant's functional limitations in the hypothetical question, the final decision is not supported by substantial evidence. *See Pendley*, 767 F.2d at 1562 (quoting *Brenem v. Harris*, 621 F.2d 688, 690 (5th Cir. 1980)).

Here, the ALJ first posed this hypothetical to the VE:

[A]ssume an individual of the claimant's age, education and work experience. Assume there is not exertional limitations. However, the individual should only occasionally climbing ladders, ropes or scaffolds, should have only occasional exposure to temperature extremes and humidity as well as atmospheric potents. Further assume the individual is best suited to positions that require only occasional changes in the work setting and the individual should avoid jobs that require interaction with the public. Should have no more than occasional and superficial interaction with coworkers, and no more than occasional interaction with supervisors. Are there jobs that individual can perform?

R. 936-37. The ALJ then posed a second hypothetical to the VE:

> [W]hat if the mental limitations remain the same but the individual was limited to lifting 20 pounds on occasion, ten pounds frequently and standing and walking were limited to a total of four hours in an eight hour day, sitting at least six hours? Are there jobs that would be available with those limitations as well as they—environmental and limitations in the occasional ladders we identified?

R. 938. In response to the second hypothetical, the VE testified that such a claimant could work at the light exertional level as a mail clerk (30,000 jobs) and a routing clerk, and that even if exertional limitations were added such that the claimant could perform only sedentary jobs, he could work as an addresser (11,000 jobs), a parimutuel ticket checker (14,000 jobs), or a tube operator (11,000 jobs). R. 938-39. In the RFC, the ALJ included the same limitations as the second hypothetical (incorporating the limitations from the first hypothetical). R. 891.

Thus, the ALJ posed a hypothetical question to the VE that included all of Claimant's functional limitations. To the extent that Claimant intended to argue that other limitations should have been included in the hypothetical question because other limitations should have been included in the RFC, such argument fails. In determining the RFC, the ALJ considered "all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence . . . [and] also considered opinion evidence." R. 891. The Court finds no error with respect to the ALJ's hypothetical question to the VE.

### C. Dr. Poveda's Opinion

As to the fifth, and final, issue on appeal, Claimant argues that the ALJ erred in discounting the opinion of Claimant's treating psychiatrist, Dr. Rene Poveda. Doc. 16 at 6-7. The Court rejects this argument.

In *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176 (11th Cir. 2011), the Eleventh Circuit stated that "'Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [the claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant]

can still do despite impairment(s), and [the claimant's] physical or mental restrictions.'" *Id.* at

1178-79 (quoting 20 C.F.R. § 404.1527(a)(2)) (alterations in original). "[T]he ALJ must state with

particularity the weight given to different medical opinions and the reasons therefor." *Id.* at 1179

(citing *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)). "In the absence of such a

statement, it is impossible for a reviewing court to determine whether the ultimate decision on the

merits of the claim is rational and supported by substantial evidence." *Id.* (quoting *Cowart v.*

*Schwieker*, 662 F.2d 731, 735 (11th Cir. 1981)).

The ALJ must consider a number of factors in determining how much weight to give each

medical opinion, including: 1) whether the physician has examined the claimant; 2) the length,

nature, and extent of the physician's relationship with the claimant; 3) the medical evidence and

explanation supporting the physician's opinion; 4) how consistent the physician's opinion is with

the record as a whole; and 5) the physician's specialization. 20 C.F.R. §§ 404.1527(c); 416.927(c).

A treating physician's opinion must be given substantial or considerable weight, unless good cause

is shown to the contrary. *Winschel*, 631 F.3d at 1179; see also 20 C.F.R. §§ 404.1527(c)(2);

416.927(c)(2) (giving controlling weight to the treating physician's opinion unless it is inconsistent

with other substantial evidence). "Good cause exists when the: (1) treating physician's opinion

was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating

physician's opinion was conclusory or inconsistent with the doctor's own medical records."

*Winschel*, 631 F.3d at 1179 (quotation marks omitted).

Here, in addressing Dr. Poveda's opinion, the ALJ summarized the findings (citing Dr.

Poveda's opinion) and then stated:

> The undersigned assigns little weight to Dr. Poveda's opinion, noting that is
> internally inconsistent. Dr. Poveda stated that the claimant's ability to maintain
> attention and concentration was food, however, his ability to understand,
> remember, and carry out simple job instructions was poor, noting that he had poor

concentration, which is additionally contradictory to the claimant's mental status examinations, which indicated that his attention and concentration were within normal limits. However, the undersigned does note that Dr. Poveda's comments regarding the claimant's potential difficulties interacting with supervisors and the public has been considered in assessing his residual functional capacity.

R. 899.

Thus, the ALJ cited Dr. Poveda's opinion, pointed out that it is internally inconsistent, and explained the inconsistency; the ALJ also pointed out that Dr. Poveda's opinion is inconsistent with Claimant's mental status examinations and explained that inconsistency. *See id.* Thus, the ALJ articulated good cause reasons, supported by substantial evidence, for giving Dr. Poveda's opinion little weight. The Court finds no error in the ALJ's consideration of Dr. Poveda's opinion.

**IV. Conclusion**

The Court does not make independent factual determinations, re-weigh the evidence or substitute its decision for that of the ALJ. Thus, the question is not whether the Court would have arrived at the same decision on *de novo* review; rather, the Court's review is limited to determining whether the ALJ's findings are based on correct legal standards and are supported by substantial evidence. Applying this standard of review, the Commissioner's decision is due to be affirmed.

Accordingly, it is **ORDERED** that:

1. The Commissioner's decision is **AFFIRMED**; and

2. The Clerk is **DIRECTED** to enter judgment accordingly and close the file.

**ORDERED** in Orlando, Florida on June 1, 2021.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties